# IN THE SUPREME COURT OF TEXAS

No. 16-0046

WENDY KYLE, PETITIONER,

v.

H.T. STRASBURGER, SHIRLEY STRASBURGER, TERRY WHITLEY,
FIDELITY BANK OF TEXAS, AND TUITION LLC, RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRTEENTH DISTRICT OF TEXAS

## PER CURIAM

The causes of action in this case stem from an allegedly forged home-equity loan. The trial court granted summary judgment on all claims asserted against the lenders, and the court of appeals affirmed. In light of our recently issued opinions in *Garofolo v. Ocwen Loan Servicing*, 497 S.W.3d 474 (Tex. 2016), and *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542 (Tex. 2016), we reverse the court of appeals' judgment in part and remand the case to that court.

The disputed loan closed in 2004. Wendy Kyle alleges that her then-husband, Mark, forged her signature on the closing documents without her consent to obtain a $1.1 million home-equity loan from Fidelity Bank of Texas, secured by a deed of trust on the couple's homestead. She also alleges that she was induced by various misrepresentations regarding the loan's purported validity,

and the commencement of foreclosure proceedings, into agreeing to convey her interest in the property to Mark in their divorce.[1]

Kyle sued Fidelity, its officers, and a related entity (collectively, Fidelity),[2] as well as Mark,[3] seeking forfeiture of principal and interest paid on the loan under Texas Constitution Article XVI, section 50(a)(6)(Q)(xi), a declaratory judgment that the deed of trust is void under Texas Constitution Article XVI, section 50(c), and a declaratory judgment that the special warranty deed conveying Kyle's interest in the property to Mark is invalid. Kyle also asserted claims for statutory fraud and for violations of the Texas Finance Code and Texas Deceptive Trade Practices Act, stemming from Fidelity's alleged misrepresentations in a foreclosure application about the loan's validity.[4] Fidelity moved for summary judgment on several grounds, including that the statute of limitations barred Kyle's forfeiture claim and both declaratory-judgment claims. The trial court granted the motion without stating its reasons.[5]

The court of appeals affirmed. ___ S.W.3d ___ (Tex. App.—Corpus Christi–Edinburg 2015). Addressing Kyle's claims for forfeiture and to declare the deed of trust void, the court of appeals held that the alleged defect in the underlying loan—lack of spousal consent—was curable

---

[1] The court of appeals' opinion provides a more detailed factual background. ___ S.W.3d ___, ___ (Tex. App.—Corpus Christi–Edinburg 2015). Because of the narrow scope of this opinion, we note only the limited facts necessary to our disposition.

[2] The additional Fidelity defendants are: H.T. Strasburger, individually and in his capacity as chair of the board of directors of Fidelity Bank of Texas, and as a member of Tuition LLC; Shirley Strasburger, individually and in her capacity as vice-chair of the board of directors of Fidelity Bank of Texas, and as a member of Tuition LLC; Terry Whitley, individually and in his capacity as president and member of the board of directors for Fidelity Bank of Texas; and Tuition LLC, a limited liability corporation organized under the laws of the State of Texas.

[3] Kyle's claims against Mark have been severed and are not at issue in this appeal.

[4] On appeal, Kyle abandoned several additional fraud-based claims on which the trial court granted summary judgment.

[5] Fidelity filed two summary-judgment motions because Kyle amended her petition after the first motion was filed. The trial court granted both motions.

2

under section 50(a)(6)(Q)(xi),[6] and that the deed of trust was therefore "voidable and not void." *Id.* at \_\_\_ (citations omitted). Accordingly, the court held that those claims were subject to the residual four-year statute of limitations and were thus untimely filed more than eight years after the loan closed. *Id.* at \_\_\_. The court further held that Kyle's statutory fraud, Finance Code, and DTPA claims were barred because they were premised on her untimely claim for a declaration that the deed of trust was void. *Id.* at \_\_\_. Finally, with respect to the claim seeking to declare invalid the special warranty deed conveying the property to Mark, the court held that Kyle failed to challenge on appeal Fidelity's assertion in its summary-judgment motion that the claim was barred by limitations. *Id.* at \_\_\_. Accordingly, the court summarily upheld summary judgment on that unchallenged ground. *Id.* at \_\_\_.

After the court of appeals issued its opinion and judgment, we issued our opinions in *Garofolo* and *Wood*. In *Garofolo*, we held that section 50(a), which limits the types of loans that may be secured by a homestead and places particularly strict parameters on foreclosure-eligible home-equity loans, does not create substantive rights beyond a defense to foreclosure of a lien securing a constitutionally noncompliant loan. 497 S.W.3d at 478. We further addressed section 50(a)(6)'s requirement that home-equity loans contain certain enumerated terms and conditions, including a provision mandating that the lender forfeit all principal and interest for uncured failures to comply with its loan obligations. We explained that those "terms and conditions . . . are not constitutional rights unto themselves, nor is the forfeiture remedy a constitutional remedy unto itself. Rather, it is just one of the terms and conditions a home-equity loan must include to be

---

[6] As discussed further below, under section 50(a)(6)(Q)(xi), a foreclosure-eligible home-equity loan must include a provision requiring the lender to forfeit all principal and interest if both spouses did not consent to the lien "unless each owner and each owner's spouse who did not initially consent subsequently consents."

foreclosure-eligible." *Id.* at 478–79. In other words, the absence of constitutionally mandated terms and conditions in a home-equity loan can act as a shield to foreclosure, but a lender's uncured failure to comply with its loan obligations does not give rise to a constitutional cause of action. *Id.* at 479. It can, however, give rise to a breach-of-contract claim. *Id.* (noting that breach of contract is "an appropriate cause of action for relief from a lender's post-origination failure to honor [a home-equity loan's] terms and conditions").

In *Wood*, we held that a lien securing a constitutionally noncompliant home-equity loan is not merely voidable; under section 50(c), such a lien is not valid unless and until the defect in the loan is cured. 505 S.W.3d at 548; *see also* TEX. CONST. art. XVI, § 50(c) ("No mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by this section . . . ."). We further held that no statute of limitations applies to a borrower's claim to quiet title on such a constitutionally invalid lien. *Wood*, 505 S.W.3d at 550.

In light of *Wood*, the court of appeals erred in holding that the statute of limitations barred Kyle's request for a declaration that the disputed deed of trust is invalid. Kyle submitted some evidence that she did not consent to the lien on her homestead, either at the time of its creation or after the fact, and that the underlying home-equity loan therefore does not comply with Article XVI, section 50(a)(6) of the Texas Constitution. *See* TEX. CONST. art. XVI, § 50(a)(6)(A) (requiring a foreclosure-eligible home-equity loan to be "secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse"). Because section 50(c) renders liens securing constitutionally noncompliant home-equity

loans invalid until cured, no statute of limitations applies to Kyle's claim to declare the lien invalid.[7]

Fidelity argues that *Wood* is distinguishable because, in that case, the lender had notice and an opportunity to cure the alleged defects but failed to do so. 505 S.W.3d at 544. By contrast, a lender cannot cure a lack of spousal consent; only the spouse can by subsequently consenting to the lien. Fidelity argues that this encourages concealment of forgery allegations like the one at issue. Policy concerns notwithstanding, section 50(c) is clear: "No mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by this section . . . ." TEX. CONST. art. XVI, § 50(c). A home-equity loan secured by a lien that was not created with the consent of each owner and each owner's spouse is not "a debt described by this section" and is therefore invalid unless and until such consent is obtained. *See Wood*, 505 S.W.3d at 548–49. The statute of limitations does not bar Kyle's claim to declare the lien invalid. *See id.* at 550.

The court of appeals also erred in affirming summary judgment on Kyle's claim to declare invalid the special warranty deed conveying her interest to Mark on the ground that Kyle waived the claim on appeal. Although the deed was executed less than two years before Kyle filed suit, Fidelity urged in its summary-judgment motion that this claim, like the claim to declare the lien invalid, was based on the lien's purported invalidity under section 50 and was thus also barred by the four-year statute of limitations. In the court of appeals, Kyle broadly argued that the statute of limitations did not apply to her section 50 claims because they stemmed from a void home-equity

---

[7] We note the distinction between the lien at issue and the extension of credit it secures. As we explained in *Garofolo*, section 50(a) "does not directly create, allow, or regulate home-equity lending," nor does it prohibit loans that do not comply with its requirements. 497 S.W.3d at 478. Rather, section 50(a) "simply describes what a home-equity loan must look like if a lender wants the option to foreclose on a homestead upon borrower default." *Id.*

5

lien.  Although Kyle could have more clearly referenced the deed claim in the portion of her brief devoted to the statute of limitations, she fully responded to the substance of Fidelity's limitations argument.  This was sufficient to avoid summary affirmance.[8]  Accordingly, the court of appeals erred in affirming summary judgment on the deed claim on waiver grounds.

However, our holding in *Garofolo* forecloses Kyle's constitutional claim for forfeiture of principal and interest paid on the loan at issue.  As we explained in that case, while forfeiture may be an appropriate *contractual* remedy for a lender's failure to comply with its home-equity loan obligations, forfeiture is not an independent cause of action under the Texas Constitution.  *Garofolo*, 497 S.W.3d at 478–79.  Again, the Constitution itself simply serves as a defense to foreclosure when its mandates are not followed.

Kyle argues that, as we recognized in *Garofolo*, an independent contractual right to compel forfeiture exists because the constitutional forfeiture provision was incorporated into the terms of the loan.  TEX. CONST. art. XVI, § 50(a)(6)(Q)(xi) (requiring a foreclosure-eligible home-equity loan to be made on the condition that "the lender . . . shall forfeit all principal and interest of the [loan] if . . . the lien was not created under a written agreement with the consent of each owner and each owner's spouse, unless each owner and each owner's spouse who did not initially consent subsequently consents").  She requests that the case be remanded in the interest of justice in the event she has not adequately pled a forfeiture claim based on the terms of the loan.  She further argues that she may pursue such a claim even though she is not a formal party to the loan agreement.  As these issues have not been considered by the lower courts, and we are remanding

---

[8] Fidelity argues that Kyle's conveyance of her interest in the property to Mark rendered the loan constitutionally compliant before suit was filed, materially distinguishing this case from *Wood*.  Because Kyle's claim to invalidate the deed remains pending, we need not address this argument.

6

to the court of appeals to consider other as-yet unaddressed arguments, we leave it to that court to consider this request in the first instance.

Turning to Kyle's claims for statutory fraud and for violations of the Finance Code and DTPA, we note that those claims arise out of Fidelity's allegedly misrepresenting the deed of trust's validity in a foreclosure application and are thus dependent on Kyle's entitlement to a declaration that the deed of trust is void. The court of appeals affirmed summary judgment on these additional claims based on its erroneous conclusion that the statute of limitations barred the claim on which they were premised. Accordingly, we reverse the court's judgment as to those claims.

Finally, we address a motion to partially dismiss Kyle's appeal as moot, which Fidelity filed while the parties were in the process of briefing Kyle's petition for review. While the appeal was pending, Mark sold the encumbered property at issue to a third party. As part of the sale, the home-equity loan was paid off and the corresponding lien extinguished. Fidelity argues that the sale renders moot Kyle's claims to declare the lien and the special warranty deed invalid. Kyle responds that the invalidity of these documents "provide[s] the basis for several of [her] remaining claims."[9] As noted, Kyle's fraud, Finance Code, and DTPA claims are premised in part on the lien's purported invalidity. Further, the issue of the special warranty deed's validity is related to

---

[9] Kyle also argues that she may recover the property, even from a downstream purchaser, because the initial conveyance to Mark "was partially based on a forgery." That is beyond the scope of our review. To the extent Kyle seeks to recover title to the property, her claims implicate Mark and the downstream purchaser, neither of whom are parties to this appeal.

Kyle's claims that she executed the deed in reliance on Fidelity's misrepresentations. Accordingly, the declaratory-judgment claims are not moot to the extent they underlie other pending claims.[10]

In sum, the court of appeals properly affirmed summary judgment on Kyle's constitutional forfeiture claim. The court erred in holding that Kyle's remaining claims were barred on statute-of-limitations and waiver grounds. In light of its disposition, the court of appeals did not address Kyle's challenges to the remaining grounds on which the trial court could have granted summary judgment.[11] We express no opinion on those challenges, which we leave to the court of appeals to resolve on remand. We grant Kyle's petition for review, and, without hearing oral argument, TEX. R. APP. P. 59.1, we affirm the court of appeals' judgment in part, reverse it in part, and remand the case to the court of appeals to consider the parties' unaddressed issues.

**OPINION DELIVERED:** June 16, 2017

---

[10] We note, however, that "[t]here is no basis for declaratory relief when a party is seeking in the same action a different, enforceable remedy, and a judicial declaration would add nothing to what would be implicit or express in a final judgment for the enforceable remedy." *Universal Printing Co. v. Premier Victorian Homes, Inc.*, 73 S.W.3d 283, 296 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *see also Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011) (per curiam) (noting that a declaratory-judgment claim "must do more than merely duplicate the issues litigated via [other] claims" in order to authorize an award of attorney's fees under the Declaratory Judgment Act (internal quotation omitted)); *cf. Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 79 (Tex. 2015) (holding that "courts will not entertain an action [against a governmental unit] under the [Declaratory Judgment Act] when the same claim could be pursued through different channels"). Although we hold that Kyle's declaratory-judgment claims are not moot, we express no opinion on whether the above-referenced doctrine precludes Kyle from litigating them alongside her remaining statutory claims.

[11] These grounds, which Fidelity urged in its summary-judgment motions, include: (1) Kyle lacks standing to seek a declaration that the special warranty deed is invalid; (2) judicial estoppel bars the forfeiture, declaratory-judgment, Finance Code, and DTPA claims; (3) the absolute-privilege doctrine bars the statutory fraud claim; (4) the evidence conclusively negates the reliance and causation elements of the statutory fraud, Finance Code, and DTPA claims; and (5) no evidence supports the statutory fraud, Finance Code, and DTPA claims or the claim to declare the special warranty deed invalid.