**AFFIRMED; Opinion Filed July 11, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00038-CV**

**DEBRA CHRIS MONTGOMERY KROUPA WILLIAMS, Appellant**

**V.**

**WACHOVIA MORTGAGE CORP., ROBERT W. WILLIAMS, Appellees**

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-08-12153-K**

## OPINION

Before Justices Lang, Myers, and Evans

Opinion by Justice Myers

Appellant Debra Chris Montgomery Kroupa Williams appeals from a partial summary judgment granted in favor of appellees Wachovia Mortgage Corporation and Robert Williams. In four issues, appellant contends the trial court erred by granting summary judgment because her claim is not barred by limitations, judicial estoppel, or ratification. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

This appeal arises out of a common law relationship between Debra Chris Montgomery Kroupa Williams (Kroupa) and Robert Williams (Williams), and their subsequent divorce. According to the record, they began living together in 1995 at the following property:

> Lot 1, in Block A/7288 of Crest Meadow Estate Edition, an addition to the City of Dallas, Dallas County, Texas, according to the map or plat thereof recorded in Vol. 68052, Page 1809, of the Map Records of Dallas County, Texas, and more commonly known as 7631 Meadow Road, Dallas, Texas 75230.

On August 21, 2002, Williams took out a $154,000 home equity loan on the Meadow Road residence from World Savings Bank, FSB. In applying for the loan and in the final executed loan documents, Williams represented himself to be an "unmarried man."

Both parties agree that Kroupa did not execute any of the loan paperwork and that, at the time he took out the home equity loan, Williams did not tell Kroupa about it. They disagree, however, on when Kroupa first learned about the loan. Kroupa recalled that Williams first told her about the home equity loan approximately one month after he took out the loan. In his affidavit, Williams stated that he told Kroupa "about the loan and the lien almost immediately and certainly prior to the end of September 2002."

In 2004, Kroupa sued Robert Williams for divorce. On March 9, 2006, a jury returned a verdict that Williams and Kroupa had been married at common law since April 27, 1992. The trial court divorced Kroupa and Williams by a final decree of divorce signed on December 20, 2007. The trial court awarded Kroupa the residence at 7631 Meadow Road.

On September 22, 2008, Kroupa filed an "Original Petition to Remove Cloud on Title and to Quiet Title."[1] Kroupa sued Wachovia as the successor in interest to World Savings Bank, FSB, as well as three other defendants (the Herring Trust, Myrtle Ann Smith, and the "Smith and Smith" Trust) to whom Williams allegedly conveyed the Meadow Road residence during the pendency of the divorce proceedings. Among other relief, Kroupa requested a declaratory judgment that the home equity lien was void. Wachovia counterclaimed against Kroupa and sued Williams as a third-party defendant. Williams counterclaimed against Wachovia and cross-claimed against Kroupa.

Wachovia and Williams then filed a joint motion for partial summary judgment against Kroupa. The motion alleged that the residual four-year statute of limitations found in section

---

[1] She later filed a "First Amended Original Petition to Remove Cloud on Title and to Quiet Title."

16.051 of the Texas Civil Practice and Remedies Code[2] barred Kroupa's suit, that she was judicially estopped from bringing the suit, and that she had ratified the home equity lien.[3]

The trial court granted the motion for partial summary judgment in a memorandum order signed on October 24, 2011. The order stated that Kroupa's claim was "barred by Statute of Limitations, Judicial Estoppel, and Ratification." The trial court considered the remaining issues in the case on December 14, 2011. In its final order signed three days later, the trial court awarded Williams his attorney's fees and declared that neither the Herring Trust, Myrtle Ann Smith, nor the "Smith and Smith" Trust, all of whom failed to appear in the case and defaulted, held any interest in the Meadow Road residence. This appeal followed.

## DISCUSSION

In her first issue, Kroupa contends the four-year residual statute of limitations does not bar an equitable proceeding to remove a cloud on title or to quiet title when title to the homestead is clouded by a void home equity lien. In her second issue, Kroupa argues, alternatively, that the four-year statute of limitations does not bar her lawsuit because title to the homestead is clouded by a void home equity lien that is incurable under section 50(a)(6)(Q) of article XVI of the Texas Constitution.

### *Standard of Review*

We review de novo the trial court's summary judgment. *Mid–Century Ins. Co. of Tex. v. Ademaj,* 243 S.W.3d 618, 621 (Tex. 2007); *Beesley v. Hydrocarbon Separation, Inc.,* 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). When reviewing a traditional summary judgment granted in favor of the defendant, we determine whether the defendant conclusively disproved at least one element of the plaintiff's claim or conclusively proved every element of an

---

[2] See TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008).

[3] Wachovia and Williams later filed a first amended joint motion for partial summary judgment.

affirmative defense. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Beesley,* 358 S.W.3d at 418. The movant must show there was no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 800 (Tex. 1994). In deciding whether a disputed material fact issue exists precluding summary judgment, we must take evidence favorable to the non-movant as true, and we must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Sysco Food Servs.,* 890 S.W.2d at 800. We will affirm the summary judgment if any of the theories presented to the trial court are meritorious. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 216 (Tex. 2003); *Bullock v. American Heart Ass'n*, 360 S.W.3d 661, 668 (Tex. App.—Dallas 2012, pet. denied).

### *Home Equity Liens Under the Texas Constitution*

The Texas Constitution was amended in 1998 to allow homeowners to voluntarily encumber their homestead with a lien in return for an extension of credit, i.e., a "home equity loan." *See Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 837 (Tex. App.— Dallas 2008, no pet.). Sections 50(a)(6)(A)–(Q) of the Texas Constitution govern home equity liens. *Id.* The provisions include various requirements**,** such as that the amount of a home equity loan may not exceed eighty percent of the fair market value of the homestead (section 50(a)(6)(B)); a twelve-day "cooling off" period must pass before the home equity loan can be closed (section 50(a)(6)(M)); the lien on the homestead is valid only if it is closed at the office of the lender, an attorney at law, or a title company (section 50(a)(6)(N)); and fees incurred in taking out the home equity loan may not exceed three percent of the amount of the loan (section 50(a)(6)(E)). *See* TEX. CONST. art. XVI, §§ 50(a)(6)(B), 50(a)(6)(M), 50(a)(6)(N), 50(a)(6)(E). Section 50(a)(6)(Q)(x) is a "cure" provision that allows lenders to remedy violations of the home equity

requirements. *See id*. § 50(a)(6)(Q)(x). Prior to 2003, section 50(a)(6)(Q)(x) provided that the lender had an opportunity to "cure" violations of the home equity loan requirements within a "reasonable time" after the lender or holder was notified by the borrower of the lender's failure to comply. *See id.* § 50(a)(6)(Q)(x) (amended 2003); *see also Doody v. Ameriquest Mortg. Co*., 49 S.W.3d 342, 345-46 (Tex. 2001). This section of the constitution did not, prior to 2003, "include any specific provisions directing a lender how to cure a loan's constitutional defect or setting a time limitation on when a cure must be tendered." *See Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 155 (Tex. App.—Fort Worth 2007, pet. denied). Those provisions were enacted with passage of the September 2003 amendments to the Texas Constitution. *Id*. at 157.

In 2003, section 50(a)(6)(Q)(x) was amended to give the lender sixty days, rather than "a reasonable time," to cure violations. *See* Act of May 24, 2003, 78th Leg., R.S., S.J.R. No. 42, § 1, 2003 Tex. Gen. Laws 6219, 6222. The 2003 amendments also added provisions such as subsection 50(a)(6)(Q)(xi), which provides in part:

> the lender or any holder of the note for the extension of credit shall forfeit all principal and interest of the extension of credit . . . if the lien was not created under a written agreement with the consent of each owner and each owner's spouse, unless each owner and each owner's spouse who did not initially consent subsequently consents.

*See id* (current version at TEX. CONST. art. XVI, § 50(a)(6)(Q)(xi)).

Section 50(a)(6) of the Texas Constitution does not contain a specific statute of limitations period. In Texas, when there is no express limitations period, the residual four-year statute of limitations described in section 16.051 of the Texas Civil Practice and Remedies Code applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (West 2008) ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.").

### *The Parties' Arguments*

Kroupa contends that the home equity lien on the 7631 Meadow Road residence is void as to her because she did not sign the written agreement granting the lien or consent to it. According to Kroupa, the lien is void because of article XVI, § 50(a)(6)(A), which states:

> § 50(a) The homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for: . . . (6) an extension of credit that: . . . (A) is secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse.

TEX. CONST. art. XVI, § 50(a)(6)(A). Kroupa points out that even before Williams took out the home equity loan in 2002, the Texas Constitution required both spouses to consent to a home equity loan. Furthermore, in 2003, the "cure" provision was amended to state that the "cure" provisions do not apply to the failure of a lender to require both spouses' signatures at the time of the loan in the absence of consent by the spouse who had not originally signed. Kroupa therefore reasons that, since she did not originally participate in the home equity loan and never consented to it, the home equity lien in this case is void. As a result, argues Kroupa, because the home equity lien is void under the Texas Constitution, the residual statute of limitations does not bar her suit to remove the lien as a cloud on title.

Wachovia and Williams insist that Kroupa's claim is indeed barred by section 16.051. The appellees argue that this provision bars Kroupa's lawsuit because she filed it more than four years after the loan was made (on August 21, 2002) or, at the very latest, when Williams informed Kroupa (in September of 2002) that he secured a home equity loan. Also asserting that Kroupa's lawsuit is barred by ratification and judicial estoppel, Wachovia and Williams ask us to affirm the trial court's judgment "in its entirety." To support their argument that Kroupa's lawsuit is barred by limitations, Wachovia and Williams rely on our opinion in *Rivera v. Countrywide Home Loans,* 262 S.W.3d at 834.

### *Is the Lien Void or Voidable?*

*Rivera* involved a claim based on section 50(a)(6)(B) of article XVI. *Id*. at 837. In *Rivera*, we determined whether the trial court erred by granting summary judgment on limitations when it found the claims made in the lawsuit, including claims for violations of Article XVI, section 50(a)(6)(B), were barred because they were filed more than four years after the closing date of the home equity loan. *Id.* at 837-38. Because both parties to the *Rivera* suit agreed the four-year limitations period of section 16.051 applied to the appellants' constitutional claims, *see id*. at 839, we then examined the date of accrual, concluding that the legal injury occurred when the lender made a loan to the appellants in excess of the amount allowed by law. *Id.* at 840.

A number of courts have cited *Rivera* in applying the residual four-year limitations period to cases involving alleged violations of various provisions of section 50(a)(6) of the Texas Constitution. *See, e.g., Belanger v. BAC Home Loans Servicing, L.P.*, 839 F.Supp.2d 873, 879 (W.D. Tex. 2011); *Blodgett v. BAC Home Loan Servicing, L.P.*, No. 4:11-CV-00051, 2012 WL 32950, at *1 (E.D. Tex. Jan. 6, 2012); *Reagan v. U.S. Bank Nat'l Ass'n*, No. Civ. A. H-10-2478, 2011 WL 4729845, at *3 (S.D. Tex. Oct. 6, 2011); *Hannaway v. Deutsche Bank Nat'l Trust Co.*, No. A-10-CV-714-LY, 2011 WL 891669, at *3 (W.D. Tex. Mar. 11, 2011); *Williams v. Deutsche Bank Nat'l Trust Co.*, No. A-10-CV-711-LY; 2011 WL 891645, at *3 (W.D. Tex. Mar. 11, 2011); *Boutari v. JPMorgan Chase Bank, N.A.*, No. SA-09-CA-608-FB, 2010 WL 9453407, at *12 (W.D. Tex. June 10, 2010), *affirmed*, 429 Fed.Appx. 407 (5th Cir. (Tex.) June 20, 2011); *Johnson v. Deutsche Bank Nat'l Trust Co.*, No. Civ. A. H-1-3360, 2010 WL 4962897, at *3 (S.D. Tex. Dec. 1, 2010); *Schanzle v. JPMC Speciality Mortg. LLC*, No. 03-09-00639-CV, 2011 WL 832170, at *4 (Tex. App.—Austin Mar. 11, 2011, no pet.) (mem. op.).

Kroupa tries to distinguish *Rivera* by pointing out that both parties in that case agreed section 16.051 applied, whereas in the present case that issue is in dispute. But the Fifth Circuit recently applied section 16.051 to a suit that sought to invalidate a home equity loan on the grounds it violated sections 50(a)(6)(M) and 50(a)(6)(N) of article XVI. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674 (5th Cir. 2013). Acknowledging that the Texas Supreme Court had not yet addressed whether the residual limitations period applied to defects in homestead liens, the Fifth Circuit concluded, citing *Rivera*, the Austin Court's decision in *Schanzle*, and Texas federal district and bankruptcy court decisions, that the weight of authority had found the statute did apply. *See id.* at 673, 674 n.3. The court reasoned that because a cure provision exists in the Texas Constitution, homestead liens that are contrary to the constitutional requirements are *voidable* rather than void from the start:

> The decision in *Doody v. Ameriquest Mortgage Co.,* 49 S.W.3d 342 (Tex. 2001), offers indirect support for the applicability of limitations. The court responded to a question certified by this court on the issue of cure, explaining that a lien cured under Section 50(a)(6)(Q) became valid even if it was "invalid" before the cure. *Id.* at 347. Discussing forfeiture, the court stated that "if a lien that secures such a loan is voided," the lender loses all rights to recovery. *Id.* at 346. *That language suggests that the Texas Supreme Court considers liens created in violation of Section 50(a)(6) to be voidable rather than void—a "void" lien could not be "voided" by future action.*

> We have not before analyzed in any depth whether the statute of limitations applies to the constitutional provisions at issue here. In *Boutari v. JP Morgan Chase Bank N.A.*, 429 Fed. Appx. 407 (5th Cir. 2011) (per curiam), however, we affirmed a judgment that limitations applies to claims under Section 50(a)(6). In a two-sentence opinion, we said that we had "determined that the judgment of the district court should be affirmed for essentially the reasons set forth by the district court." *Id.* The opinion we affirmed had applied the four-year statute of limitations. *See Boutari v. JP Morgan Chase Bank, N.A.*, 2010 U.S. Dist. LEXIS 144094 (W.D. Tex. June 10, 2010).

> Therefore, we have arguably already acknowledged that a limitations period applies. Numerous district and bankruptcy courts have also applied the four-year limitations period. We thus conclude that a limitations period applies to constitutional infirmities under Section 50(a)(6).

*Id.* at 674 (emphasis added and footnotes omitted). In reaching this decision, the Fifth Circuit specifically declined to follow the reasoning of two lower courts, *Smith v. JPMorgan Chase Bank, Nat'l Ass'n*, 825 F.Supp.2d 859, 861 (S.D. Tex. 2011), and *Santos v. CitiMortgage, Inc.*, No. 3:11-CV-2592-M-BK, 2012 WL 1065464, at \*2 (N.D. Tex. Mar. 29, 2012), both cited by Kroupa, that held liens violating section 50(a)(6) are void. The Fifth Circuit noted:

> The key in *Smith* was the finding that constitutional noncompliance renders liens void rather than voidable. The Priesters argue that this reasoning should be applied here and that because the lien was void *ab initio*, no statute of limitations applies. That conclusion, however, is contrary to the constitutional scheme. Because a cure provision exists in Section 50(a)(6)(Q), liens that are contrary to the requirements of § 50(a) are *voidable* rather than *void* from the start.

*Priester*, 708 F.3d at 674 n.4 (emphasis added). We find the Fifth Circuit's analysis persuasive.

Kroupa maintains that section 50(a)(6)(A)'s consent requirement cannot be cured. But her argument is undermined by not only *Priester* but the Texas Supreme Court's broad pronouncement in a decision the Fifth Circuit cited, *Doody*, that "section 50(a)(6)(Q)(x) is a cure provision that applies to *all* of section 50(a) and . . . operates as a cure provision that validates a lien securing a section 50(a)(6) extension of credit." *Doody*, 49 S.W.3d at 345-46 (emphasis added); *see also Adams v. Ameriquest Mortg. Co.*, 307 B.R. 549, 558 (N.D. Tex. 2004) (citing *Doody* as authority for rejecting debtors' argument that some requirements found in sections 50(a)(6)(A)–(Q) cannot be cured because no subsequent act by a lender can "turn back time"); *Summers v. Ameriquest Mortg. Co.*, No. 14-06-00734-CV, 2008 WL 123903, at \*4-5 (Tex. App.—Houston [14th Dist.] Jan. 15, 2008, no pet.) (mem. op.) (citing *Doody* as authority for rejecting appellant's argument that lien's noncompliance with section 50(a)(6)(M)(ii)'s requirement that two home equity loans must not close within one year was a "temporal defect" that could never be cured). The *Doody* court's statement that the pre-2003 cure provision applied to *all* of the lender's obligations under section 50(a)(6) would necessarily include section 50(a)(6)(A), the provision at issue here. In addition, the 2003 amendment to section

50(a)(6)(Q)(x) that Kroupa cites in support of her argument does not apply here because the loan closed before the amendment became effective. *See Fix*, 242 S.W.3d at 157 ("[T]he makers and adopters of the cure provisions set forth in the post-2003 amendment version of section 50(a)(6)(Q)(x) did not intend for the amendment to apply retroactively to home lending contracts executed prior to September 12, 2003.").

Kroupa also cites the Texas Supreme Court's statement in *Ford v. Exxon Mobil Chemical Co.* that "an equitable action to remove cloud on title is not subject to limitations if the deed is void or has expired by its own terms." *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007); *see also Campsey v. Jack Co. Oil and Gas Ass'n*, 328 S.W.2d 912, 915 (Tex. Civ. App.—Fort Worth 1959, writ ref'd n.r.e.). But in the passage immediately following the one cited by Kroupa, the court stated that "the same rule does not apply when a deed is *voidable* rather than *void*." *Ford*, 235 S.W.3d at 618 (emphasis added). Thus, Kroupa's reliance on *Ford* is misplaced because, as we have already discussed, the lien here was *voidable* rather than void, and subject to cure.

### *When Did the Claim Accrue?*

Having therefore determined that the statute of limitations applies, we must consider when the claim accrued. Defendants moving for summary judgment on the affirmative defense of limitations must prove conclusively the elements of that defense. *Pustejovsky v. Rapid–American Corp.*, 35 S.W.3d 643, 646 (Tex. 2000); *Rivera*, 262 S.W.3d at 840. This includes conclusively proving when the cause of action accrued. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Rivera*, 262 S.W.3d at 840. In *Rivera*, we explained that "[t]he general rule governing the accrual of a claim for purposes of limitations is 'the legal injury rule,' which states that a claim accrues 'when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all

–10–

resulting damages have not yet occurred.'" *Rivera*, 262 S.W.3d at 840 (quoting *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997)). We then concluded, as we noted earlier, that "the legal injury occurred when [the lender] made a loan to the Riveras in excess of the amount allowed by law." *Id*. We did not decide whether the discovery rule or fraudulent concealment could be applied to defeat limitations because those issues were not pleaded. *See id*. at 841 n.4.

In this case, there is no dispute between the parties that if the four-year residual statute of limitations applies, the limitations period began to run, at the very latest, when Kroupa alleges she first discovered the home equity loan and lien—September of 2002. Kroupa, however, filed her lawsuit on September 22, 2008, which is well outside the four-year limitations period. Consequently, we need not determine the exact date of accrual here because, regardless of which date we apply, this lawsuit was not filed within the applicable limitations period.

### *Conclusion*

We conclude the trial court did not err by granting summary judgment for Wachovia and Williams based on the four-year limitations period found in section 16.051 of the Texas Civil Practice and Remedies Code. We overrule Kroupa's first and second issues. Because of our conclusion that Kroupa's lawsuit is barred by limitations, we need not address her remaining issues attacking the other two grounds asserted by Wachovia and Williams as a basis for summary judgment.

We affirm the trial court's judgment.

120038F.P05

/Lana Myers/
LANA MYERS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DEBRA CHRIS MONTGOMERY
KROUPA WILLIAMS, Appellant

No. 05-12-00038-CV      V.

WACHOVIA MORTGAGE CORP.,
ROBERT W. WILLIAMS, Appellees

On Appeal from the 254th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-08-12153-K.
Opinion delivered by Justice Myers.
Justices Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees WACHOVIA MORTGAGE CORP, ROBERT W. WILLIAMS recover their costs of this appeal from appellant DEBRA CHRIS MONTGOMERY KROUPA WILLIAMS.

Judgment entered this 11th day of July, 2013.

/Lana Myers/
LANA MYERS
JUSTICE