**BORMIO INVESTMENTS, INCORPORATED, Plaintiff–Appellant**

v.

**USBC BANK USA NATIONAL ASSOCIATION, as Trustee for Wells Fargo Mortgage Asset–Backed Securities 2007–M09 Trust, Mortgage Asset–Backed Certificates, Defendant–Appellee.**

No. 13–11311
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 30, 2014.

Mark A. Swaim, Swaim Law Office, Irving, TX, Plaintiff–Appellant.

Richard A. Illmer, Esq., Husch Blackwell, L.L.P., Dallas, TX, Elizabeth Gabrielle Bloch, Esq., Husch Blackwell, L.L.P., Austin, TX, for Defendant–Appellee.

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM: *

Derek and Katherine Cypert and Bormio Investments, Inc., (collectively, "the Plaintiffs") appeal the dismissal of their suit against HSBC Bank USA National Association as Trustee for Wells Fargo Mortgage Asset–Backed Securities 2007–M09 Trust, Mortgage Asset–Backed Certificates ("HSBC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we AFFIRM the judgment of the district court.

FACTS AND PROCEEDINGS

In September 2012, HSBC sought to foreclose on the Cyperts' home in Carrollton, Texas.[1] The Cyperts had refinanced their property on May 23, 2007, executing a promissory note and deed of trust for the benefit of Wells Fargo Bank N.A., now HSBC.[2] The Cyperts filed this suit in state court on January 31, 2013, seeking a declaratory judgment that the deed of trust and lien were invalid because the promissory note was for more than 80% of the fair market value of the property and they were charged more than 3% in fees in violation of § 50(a) of Article XVI of the Texas Constitution. They claim that Wells Fargo must produce the original promissory note in order to foreclose on their property.

On October 30, 2013, the district court dismissed the Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6) "on the ground that it is barred by the Texas residual four-year statute of limitations." *Cypert v. USBC Bank USA Nat. Ass'n*, 3–13–CV–1032–D, 2013 WL 5822339, at *2 (N.D.Tex. Oct. 30, 2013). The district court also held that HSBC need not be the holder of the promissory note to foreclose on Plaintiffs' property. *Id.* at *2–*3. Because the district court had "already afforded plaintiffs one opportunity to re-

---

1. The allegations are drawn from the complaint, and are construed in the light most favorable to the Plaintiffs, accepting as true all well-pleaded facts. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

2. Bormio subsequently purchased the property and became its owner.

plead," it dismissed the action with prejudice. *Id.* at \*3. The Plaintiffs appeal.

## STANDARD OF REVIEW

"We review *de novo* a district court's dismissal under Rule 12(b)(6)." *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). Rule 12(b)(6) permits a party to move to dismiss if a plaintiff has failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations and quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier,* 503 F.3d at 401 (internal quotation marks omitted).

## DISCUSSION

"Jurisdiction is based on diversity of citizenship, so we apply the laws of Texas as interpreted by Texas authorities." *Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667, 672 (5th Cir.2013) *cert. denied,* —— U.S. ——, 134 S.Ct. 196, 187 L.Ed.2d 256 (2013) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78–79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)). "If a lien is made in contravention of" the requirements of the Texas Constitution found in Article 16, Section 50(a), it can require a lender or holder of the note to forfeit the principal and interest if the failure is uncured. *Id.* at 673; Tex. Const. Art. XVI, § 50(a)(6)(Q)(x).

"Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem.Code § 16.051. "[T]he four-year limitations period ... applies to constitutional infirmities under Section 50(a)(6)." *Priester,* 708 F.3d at 674.

"It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court." *Jacobs v. Nat'l Drug Intelligence Ctr.,* 548 F.3d 375, 378 (5th Cir.2008).

Both parties agree that suit was filed more than four years after the action accrued and that *Priester* is indistinguishable from this case. The Plaintiffs contend that *Priester* was wrongly decided under an *Erie*—guess analysis. But there has been no change in the law that would empower us to overturn the *Priester* decision. In fact, subsequent Texas decisions have validated *Priester*'s reasoning, finding "the Fifth Circuit's analysis persuasive." *Williams v. Wachovia Mort. Corp.,* 407 S.W.3d 391, 397 (Tex.App.-Dallas 2013, pet. denied). The Texas Supreme Court denied review of the *Williams* decision, further emphasizing that *Priester* was rightly decided. We decline to overrule *Priester.* The four-year residual limitations period continues to apply to claims of this nature, and, having failed to file within four years of the accrual of this action, the Plaintiffs' claims are time-barred.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.