ACCEPTED
03-15-00339-CV
8148372
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/8/2015 6:42:20 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00339-CV

## IN THE THIRD COURT OF APPEALS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/8/2015 6:42:20 PM
JEFFREY D. KYLE
Clerk

## BEN MELTON,

## APPELLANT,

## v.

## CU MEMBERS MORTGAGE, A DIVISION OF COLONIAL SAVINGS, F.A., FIRST WESTERN TITLE CO., AND BOB MIMS, APPELLEES.

**Appeal from the 340th Judicial District Court
Tom Green County, Texas
Trial Court Cause No. C130102
Hon. Jay Weatherby, Presiding**

## BRIEF OF APPELLEES CU MEMBERS MORTGAGE, A DIVISION OF COLONIAL SAVINGS, FA AND FIRST AMERICAN TITLE CO.

Mark D. Cronenwett
SBN 00787303
Mackie Wolf Zientz & Mann, P.C.
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2670 (Telephone)
(214) 635-2686 (Facsimile)
mcronenwett@mwzmlaw.com
*Attorneys for Appellees CU Members
Mortgage, a Division of Colonial Savings,
FA and First American Title Co.*

Oral Argument
Conditionally Requested

## IDENTITY OF PARTIES AND COUNSEL

Appellees CU Members Mortgage, a Division of Colonial Savings, FA (hereafter "Colonial") and First American Title Co. ("First American") (Colonial and First American are hereafter referred to collectively as "Appellees") agree with Appellant Ben Melton's (hereafter "Melton" or Appellant") Identity of Parties and Counsel, except to add that that there are two additional parties to this appeal, as indicated below:

Appellees James C. Mosser and Mosser Law PLLC:

       Counsel in the Court of Appeals:
           James C. Mosser
           SBN 00789784
           Nicholas D. Mosser
           SBN 24075405
           Paul J. Downey
           SBN 24080659
           Mosser Law PLLC
           2805 Dallas Parkway, Suite 220
           Plano, Texas  75093

       Counsel in the Trial Court:
           James C. Mosser
           SBN 00789784
           Mosser Law PLLC
           2805 Dallas Parkway, Suite 220
           Plano, Texas  75093

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................... ii

Table of Contents ...................................................................................... iii

Index of Authorities ...................................................................................iv

Statement of the Case ................................................................................ vii

Statement Regarding Oral Argument ....................................................... vii

Statement of the Issues Presented ........................................................... viii

Statement of the Facts ..................................................................................1

Summary of the Argument............................................................................5

Standard of Review ......................................................................................5

Argument and Authorities............................................................................6

I.      Summary judgment was warranted because Appellant failed to
        exercise due diligence in serving his suit. ......................................6

II.     Four-year limitations period applies to Melton's claims.............................13

III.    Colonial has standing as both Mortgage Servicer and Mortgagee of
        Record.........................................................................................14

IV.     Trial Court properly awarded attorney's fees...............................17

Prayer ........................................................................................................17

Certificate of Service ................................................................................18

Certificate of Compliance with Rule 32(A)..............................................19

# INDEX OF AUTHORITIES

## CASES

*Boutari v. JP Morgan Chase Bank, NA*, No. 5:09cv608, 2010 U.S.
 Dist. LEXIS 144094, *35-36 (W.D. Tex., June 10, 2010), *aff'd*
 429 Fed. Appx. 407 (5th Cir., June 20, 2011) ..................................................6

*Broom v. MacMaster*, 992 S.W.2d 659, 664-65 (Tex. App.—Dallas
 1999, no pet.) ......................................................................................12

*Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 342 (5th Cir. 2013)........................16

*Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) ..................................................8

*Hoehn v. Dallas County Mental Health & Mental Retardation Ctr.*,
 No. 05-94-01515-CV, 1995 Tex. App. LEXIS 3406, 1995 WL
 500271, at *3 (Tex. App.—Dallas Aug. 16, 1995, no writ).........................10

*In re Estate of Hardesty*, 449 S.W.3d 895, 911-12 (Tex. App.—
 Texarkana 2014, no pet.) ..................................................................6, 14

*Johnson v. City of Fort Worth*, No. 2-08-369-CV, 2009 Tex. App.
 LEXIS 2124 *9 (Tex. App.—Fort Worth Mar. 26, 2009, no
 pet.) ........................................................................................................11

*Kyle v. Strasburger*, No. 13-13-00609-CV, 2015 WL 7567523, *3-5,
 2015 Tex. App. LEXIS 11984, *10-12 (Tex. App.—Corpus
 Christi Nov. 25, 2015, no pet. h.) .............................................................6, 14

*Mauricio v. Castro*, 287 S.W.3d 476, 478 (Tex. App.—Dallas 2009,
 no pet.) ......................................................................................................9

*McCord v. Dodds*, 69 S.W.3d 230, 234 (Tex. App.—Corpus Christi
 2001, pet denied) ......................................................................................9

*Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)..................7

*Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1018 (W.D. Tex.
 2000) ........................................................................................................7

*Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667, 674 (5th Cir.
 2013) ............................................................................... 6, 12, 13

iv

*Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007)......................................................7

*Puig v. Citibank, N.A.*, Civil Action No. 3:11-CV-0270-L, 2012 U.S.
    Dist. LEXIS 70398, 2012 WL 1835721, at \*15 (N.D. Tex. May
    21, 2012) .........................................................................................................11

*Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.
    1990) ...............................................................................................................16

*Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 622 (Tex.
    App.—Corpus Christi 2000, pet. denied ......................................................8

*Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47 (Tex. App.—San
    Antonio 1999, pet. denied) .......................................................................8, 9

*Santiago v. Novastar Mortg., Inc.*, 443 S.W.3d 462, 469-70 (Tex.
    App.—Dallas 2014, pet. denied) .............................................................6, 14

*Schanzle v. JPMC Specialty Mortg. LLC*, No. 03-09-00639-CV, 2011
    WL 832170, \*4, 2011 Tex. App. LEXIS 1748, \*10-11 (Tex.
    App.—Austin March 11, 2011, no pet.) ....................................................6, 7

*Tapia v. CitiMortgage, Inc.,* No. A-14-CA-135-SS, 2014 U.S. Dist.
    LEXIS 47624 \*5-6 (W.D. Tex. Apr. 7, 2014)..............................................16

*Valence Operating Co. v. Dorsett,*
    164 S.W.3d 656 (Tex. 2005) .......................................................................5

*Washmon v. Strickland*, No. 03-08-00372-CV, 2010 Tex. App. LEXIS
    1366, \*6 (Tex. App.— Austin Feb. 26, 2010, no pet.)...........................14, 15

*Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525, 532 (Tex. App.—
    Dallas 2014, pet. denied) ...........................................................................11

*Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 396-97 (Tex.
    App.—Dallas 2013, pet. denied) ...........................................................6, 12, 14

*Wood v. HSBC Bank USA, N.A.*, 439 S.W.3d 585, 590-92 (Tex.
    App.—Houston [14th Dist.] 2014, pet. pending) ....................................6, 14

## STATUTES

TEX. BUS. & COM. CODE ANN. § 17.505(b) ............................................................11

TEX. BUS. & COM. CODE ANN. § 17.565.................................................................6

TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) ......................................................6

TEX. CIV. PRAC. & REM. CODE § 16.051............................................................5

TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(c)...................................................11

TEX. CONST. art. XVI, § 50(a)(6) ...............................................................9, 10

TEX. CONST. art. XVI, §50(a)(6)(Q)(x)............................................................11

TEX. PROP. CODE ANN. § 51.0001(4)(C)........................................................ 14, 15

TEX. PROP. CODE ANN. § 51.0025...............................................................13

## RULES

TEX. R. CIV. P. 166 ..............................................................................4

TEX. R. CIV. P. 166a(c) ..........................................................................4

## STATEMENT OF THE CASE

Appellees agree with Appellant's Statement of the Case.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not warranted in this case. The judgment is premised on a summary judgment involving limitations issues that have previously been resolved by this Court and the other Texas appellate courts that have considered the issue. Appellees do not believe that oral argument will significantly impact the decisional process of the Court. If, however, the Court believes oral argument would be helpful and oral argument is held, Appellees desire to participate therein.

## STATEMENT OF THE ISSUES PRESENTED

Issue 1. Summary judgment was warranted on Appellant's claims because he filed his lawsuit on the last day of the limitations but then waited sixty days to file suit. As Appellant had no reason to wait for affecting service, he failed to exercise due diligence as a matter of law.

Issue 2. Texas law is clear that a four-year limitations period applies to claims for defects in the origination of a Texas home equity loan; therefore, Appellant's argument that no limitations period governs his claims is unfounded as a matter of law.

Issue 3. Colonial has standing to pursue foreclosure of the subject home-equity loan agreement as Colonial is both a Mortgage Servicer and a Mortgagee as provided in the Texas Property Code.

Issue 4. The Trial Court properly awarded attorney's fees.

# STATEMENT OF THE FACTS

This case involves a dispute over a loan taken out by Appellant Ben Melton (hereafter "Melton" or "Appellant") and secured by the equity in his primary residence. On March 13, 2009, Melton signed and entered a Texas Home Equity Note (Fixed Rate – First Lien) (the "Note") for a $223,648.00 loan. *CR at 71.* On that same date, he also signed a Texas Home Equity Security Instrument (First Lien) (the "Security Instrument") (the Note and Security Instrument will hereafter be referred to collectively as the "Loan Agreement") that secured the Note with a lien on Melton's residence located at 1969 Beaty Road, San Angelo, Texas 76904, and more specifically described as:

> LOT FOURTEEN-A (14-A), BLOCK ONE (1), OF SECTION TWO (2), GROUP 1, LAKE NASWORTHY ADDITION TO THE CITY OF SAN ANGELO, TOM GREEN COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET "E", SLIDE #167, OF THE PLAT RECORDS OF TOM GREEN COUNTY, TEXAS (the "Property"). *CR at 78.*

The original lender on the Note was Appellee CU Members Mortgage, a Division of Colonial Savings, FA (hereafter "Colonial"). *CR at 71.* The Note was later assigned to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), which retained Colonial as its Mortgage Servicer. *CR at 64-66.*

Four years to the day after Melton closed the Loan Agreement, a time in which he was in default on his loan payments, he filed suit against Colonial,

1

among others, for alleged violations of the Texas Constitution in connection with the origination of his loan. *CR at 6*. In particular, Melton alleged that article 16, section 50(a)(6) of the Constitution was violated in the following respects: (a) that Colonial failed to provide Melton with a Notice Concerning Extensions of Credit within twelve days of the closing on his loan; (b) that Colonial closed Melton's home equity loan with a principal amount that exceeded an amount, when added to the principal balances of all other liens, 80 percent of the fair market value of the home; (c) that Colonial closed Melton's home equity loan with recourse for personal liability; (d) that Colonial required Melton to apply the proceeds of his home equity loan to another debt not secured by his home; (e) that Colonial failed to provide a copy of Melton's final executed loan application and all executed documents Melton signed at closing and failed to cure this notice obligation in a timely manner; and (f) that Colonial failed to provide the true fair market value of Melton's home on the date the loan closed. *CR 7-8*. For these alleged loan-origination defects, Melton brought a claim for a forfeiture of the Loan Agreement, a claim Declaratory Judgment that the Loan Agreement was void *ab initio*, and a claim for statutory fraud under Section 27.01 of the Texas Business and Commerce Code. *CR at 8-9*.

In response, Appellees on May 31, 2013 filed their Original Answer, wherein they generally denied Melton's claims and, among other things, asserted

the defense of the Statute of Limitations. *CR at 17.* Appellees in their First Amended Original Answer, filed on June 27, 2013, again asserted a general denial and raised the defense of limitations. *CR at 21.*

On August 8, 2013, Colonial filed its counterclaim, seeking a judgment of foreclosure on the Loan Agreement due to Melton's default on his payment obligations. *CR at 37.* On September 26, 2013, Appellees moved for summary judgment on Melton's affirmative claims, asserting that the Statute of Limitations barred Melton's claims for alleged defects in the origination of the Loan Agreement because more than four years had passed from the date the loan closed and Melton failed to exercise due diligence to effectuate service. *CR at 49.* Colonial in its Motion for Summary Judgment also requested a judgment of foreclosure.

At the time Appellees' Motion for Summary Judgment was heard, Melton had filed his Third Amended Original Petition, asserting the following claims for alleged defects in the origination of his home-equity loan: (a) that Colonial failed to provide Melton with a Notice Concerning Extensions of Credit within twelve days of the closing on his loan; (b) that Colonial closed Melton's home equity loan with a principal amount that exceeded an amount, when added to the principal balances of all other liens, 80 percent of the fair market value of the home; (c) that Melton had no control over the appraiser that Colonial allegedly selected for the

appraisal; (d) that the appraisal was false and fraudulent; (e) that the appraiser used and improper methodology in performing his valuation of the Property; (f) that Colonial closed Melton's home equity loan with recourse for personal liability; (g) that Colonial required Melton to apply the proceeds of his home equity loan to another debt not secured by his home; (h) that Colonial failed to provide a copy of Melton's final executed loan application and all executed documents Melton signed at closing and failed to cure this notice obligation in a timely manner; (i) that Colonial failed to provide the true fair market value of Melton's home on the date the loan closed; (j) that Colonial failed to pay promptly liens that had been recorded on the Property and (k) Colonial improperly included a "lockout" provision in the loan documents. *CR at 219-20.* For these alleged loan-origination defects, Melton brought a claim for a forfeiture of the Loan Agreement, a claim Declaratory Judgment that the Loan Agreement was void *ab initio*, and claims for fraud, breach of contract and violations of the Texas Deceptive Trade Practices Act. *Id.*

The Trial Court agreed with Appellees' contentions and on July 14, 2014 granted their Motion for Summary Judgment. *CR at 264.* Colonial on December 8, 2014 filed a Motion for Award of Attorney's Fees, which the Trial Court granted on March 2, 2015. *CR 267, 317.*

## SUMMARY OF THE ARGUMENT

Texas law clearly provides a four-year limitations period by which claims for alleged defects in the origination of a Texas home-equity loan must be brought. Appellant Ben Melton ("Melton" or "Appellant") filed his suit on the very last day of the limitations period, but then waited sixty days to serve his suit on Appellees. Melton's supposed justification for waiting to serve the suit is that, two before the day that he filed, he also sent in a notice of defect letter to Appellees and he wanted to see how, or whether, Appellee would respond. But wanting to submit this notice letter does not provide any justification for waiting to file suit. Therefore, Appellant failed to exercise due diligence as a matter of law and Melton's claims are thus barred by limitations.

## STANDARD OF REVIEW

On appeal, this Court reviews the summary judgment motion and response *de novo* to determine if the competent summary judgment evidence included with those pleadings shows that there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex. 2005).

## ARGUMENT AND AUTHORITIES

**I.     Summary judgment was warranted because Appellant failed to exercise due diligence in serving his suit.**

The statute of limitations for a cause of action for violations of Article XVI of the Texas Constitution is four years.  TEX. CIV. PRAC. & REM. CODE Ann. §16.051 (residual four-year limitations period); *see Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667, 674 (5th Cir. 2013); *Boutari v. JP Morgan Chase Bank, NA*, No. 5:09cv608, 2010 U.S. Dist. LEXIS 144094, *35-36 (W.D. Tex., June 10, 2010), *aff'd* 429 Fed. Appx. 407 (5th Cir., June 20, 2011); *Kyle v. Strasburger*, No. 13-13-00609-CV, 2015 WL 7567523, *3-5, 2015 Tex. App. LEXIS 11984, *10-12 (Tex. App.—Corpus Christi Nov. 25, 2015, no pet. h.); *In re Estate of Hardesty*, 449 S.W.3d 895, 911-12 (Tex. App.—Texarkana 2014, no pet.); *Wood v. HSBC Bank USA, N.A.*, 439 S.W.3d 585, 590-92 (Tex. App.—Houston [14th Dist.] 2014, pet. pending); *Santiago v. Novastar Mortg., Inc*., 443 S.W.3d 462, 469-70 (Tex. App.—Dallas 2014, pet. denied); *Williams v. Wachovia Mortg. Corp*., 407 S.W.3d 391, 396-97 (Tex. App.—Dallas 2013, pet. denied); *Schanzle v. JPMC Specialty Mortg. LLC*, No. 03-09-00639-CV, 2011 WL 832170, *4, 2011 Tex. App. LEXIS 1748, *10-11 (Tex. App.—Austin March 11, 2011, no pet.).

Melton's claim for fraud is also governed by a four-year limitations period, and his DTPA claim is governed by a two-year limitations period.  TEX. BUS. & COM. CODE ANN. § 17.565 (DTPA); TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4)

(fraud). All of his claims accrued at the time of closing. *See Schanzle,* 2011 Tex. App. LEXIS 1748, \*10; *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 840 (Tex. App.—Dallas 2008, no pet.); *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 675 (5th Cir. 2013).

Melton obtained the home equity loan at issue on March 13, 2009. *CR at 75, 91.* As such, Melton's claims for violations of the Texas Constitution were barred after March 13, 2013. *Schanzle,* 2011 WL 832170, \*4. Melton did not file his Original Petition until the day that the limitations period expired — March 13, 2013. *CR at 6.* Appellees, however, were not served with process until two months later — May 13, 2013. *CR at 13.*

The timely filing of a lawsuit does not toll the statute of limitations unless the plaintiff exercises due diligence in effecting service of citation upon the defendant. *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007). Once the defendant demonstrates that service was effectuated after the expiration of the limitations period, the burden shifts to the plaintiff to explain the delay. *Id.* at 216 (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990)). Summary judgment should be granted in favor of a defendant if it is shown that (1) defendant was not served within the statute of limitations period and (2) as a matter of law, plaintiff did not use due diligence in effectuating service. *Paredes v. City of Odessa*, 128 F. Supp. 2d 1009, 1018 (W.D. Tex. 2000) (citing *Gant v. DeLeon*, 786

7

S.W.2d 259, 260 (Tex. 1990)). Lack of diligence in obtaining service on a defendant exists as a matter of law if it is clear that the plaintiff did not "exhaust all the alternatives available to achieve proper service." *Roberts v. Padre Island Brewing Co.*, 28 S.W.3d 618, 622 (Tex. App.—Corpus Christi 2000, pet. denied).

Here, Melton failed to exercise due diligence because he waited two months before *doing anything* to effectuate service. In *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47 (Tex. App.—San Antonio 1999, pet. denied), the plaintiff filed a legal malpractice suit on July 3, 1997 for a claim that accrued on July 14, 1995. Under the applicable two-year statute of limitations, plaintiff was required to bring suit no later than July 14, 1997. *Id.* at 49. Instead of serving her petition, the plaintiff instructed the clerk not to issue citation for service and was going to notify the defendant of the lawsuit through written correspondence and seek waiver of citation. *Id.* at 48. Upon discovery that the correspondence was never sent, the plaintiff requested issuance of citation on July 31, 1997 and defendant was served on August 8, 1997. *Id.* The defendant was awarded summary judgment claiming that the plaintiff's claims were barred by the statute of limitations and the plaintiff appealed. *Id.* at 49. The Fourth Court of Appeals held that the statute of limitations was not tolled because plaintiff, as a matter of law, had not exercised reasonable diligence in effectuating service as a matter of law. *Id.* at 51. The Court reasoned that plaintiff's inactivity in attempting service amounted to a lack

of diligence as a matter of law because there were no efforts from which to evaluate plaintiff's reasonableness as a diligent actor. *Id.; see also Mauricio v. Castro*, 287 S.W.3d 476, 478 (Tex. App.—Dallas 2009, no pet.) (31 days with no effort at service is a lack of due diligence at a matter of law); *McCord v. Dodds*, 69 S.W.3d 230, 234 (Tex. App.—Corpus Christi 2001, pet denied) (eight days).

Melton attempts to justify his delay in obtaining service by saying he believed that he needed to wait for sixty days to pass after submitting his notice-of-claim letter before serving the suit. *Appellant's Brief, p.11-12; see* TEX. CONST. art. XVI, §50(a)(6)(Q)(x)(allowing lender sixty days from receipt of notice of defect to cure such defect). According to Melton, the submission of this notice was "require[d]" apparently before filing suit. *Id. at 12.* Melton, however, is mistaken. Nothing in Texas law requires that a notice-of-defect letter be sent prior to the filing of a claim for home-equity origination defects. *See* TEX. CONST. art. XVI, § 50(a)(6). [1]

Unlike home-equity defect claims, there are other statutory schemes in Texas that do require the submission of a notice of claim before the filing of suit, but the only tolling allowed under those provisions is expressly stated in the statute. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(c) (limitations

---

[1] Of course, Melton in this case did not wait sixty days from the date he sent his notice of claim before filing suit. He filed his suit two days after he submitted a Notice of Claim. *CR at 6 at 210, ¶26.* He only waited to effect service.

period tolled for 75 days after submission of notice-of-claim letter in a medical-malpractice case). And in other statutory schemes that call for a pre-suit notice-of-claim letter, the statute does not provide for a tolling of limitations after the submission of the claim, and therefore, limitations is not tolled. *See* TEX. BUS. & COM. CODE ANN. § 17.505(b) (no tolling after submission of DTPA notice-of-claim letter).

The home-equity origination defect claims filed by Melton in this suit fall in the same category as DTPA claims. The plaintiff may submit a pre-suit notice-of-claim, but whether or not the plaintiff submits the letter has no bearing on the running of limitations on the plaintiff's claims. Therefore, Melton has not provided any justification for his delay in effecting service, and his supposed belief that he needed to wait out the sixty-day period provided in TEX. CONST. art. XVI, §50(a)(6)(Q)(x) is mistaken.

Furthermore, Melton's supposed mistake does not provide him with a valid reason for failing to timely serve the suit. *See, e.g., Hoehn v. Dallas County Mental Health & Mental Retardation Ctr*., No. 05-94-01515-CV, 1995 Tex. App. LEXIS 3406, 1995 WL 500271, at *3 (Tex. App.—Dallas Aug. 16, 1995, no writ) (not designated for publication) (holding that plaintiff's explanation that she had served wrong person because she mistakenly believed him to be proper agent for government agency, in contravention of explicit statute in Texas Civil Practice and

10

Remedies Code providing correct agent for service, and her failure to learn of her mistake for five months, did not raise fact question on due diligence and was not consistent with due diligence); *see also Johnson v. City of Fort Worth*, No. 2-08-369-CV, 2009 Tex. App. LEXIS 2124 *9 (Tex. App.—Fort Worth Mar. 26, 2009, no pet.) (same).

Additionally, there is no support for Melton's supposed belief that he had to provide notice of his claim *before* suit was filed. Indeed, the case law holds that the notice may be provided in a pleading, whether as an affirmative claim or in response to a lender application for foreclosure under Texas Rule of Civil Procedure 736. *See Puig v. Citibank, N.A.*, Civil Action No. 3:11-CV-0270-L, 2012 U.S. Dist. LEXIS 70398, 2012 WL 1835721, at *15 (N.D. Tex. May 21, 2012) (notice of defect in borrower's complaint); *Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525, 532 (Tex. App.—Dallas 2014, pet. denied) (notice of defect in borrower's response to Rule 736 application for foreclosure). Accordingly, Melton's submission of a notice-of-defect letter was superfluous; he could have simply relied upon his Original Petition in this suit to provide Colonial was notice of his claim.

For the sake of accuracy, there was no mistake. Appellant's justification for waiting until after sixty days had expired before serving the lawsuit was, by his own admission, nothing more than a strategy decision. He wanted to wait out the

11

sixty days to see whether or not Colonial would respond before serving his suit. *CR at 210, ¶29* ("The delay [in serving the suit] was to give Colonial time to respond to my demand letter.")[2]. The Dallas Court of Appeals considered a similar issue where a medical-malpractice plaintiff, for strategic reasons, waited until the deadline to remove a case to federal court had passed before effecting service on a Texas hospital. *Broom v. MacMaster*, 992 S.W.2d 659, 664-65 (Tex. App.—Dallas 1999, no pet.). The Court of Appeals held that the plaintiff's strategic reason for withholding service did not justify any delay in serving the suit. To quote the Court:

> Although a plaintiff may have good reasons for not wanting to seek immediate service on a defendant, those reasons do not negate the requirement that diligence be used in attempting service once the limitations period has passed. *Id.*

In this case, Melton's claims for violations of Article XVI of the Texas Constitution concerning home equity loans are subject to a four-year statute of limitations period which began to run from the date of the closing of the loan. *See Priester*, 708 F.3d at 674; *Williams*, 2013 Tex. App. LEXIS 8638 at *14-15. Melton filed his Petition on March 13, 2013, the four-year anniversary of the closing date of his loan. *CR at 6.* However, Melton did not serve or attempt to

---

[2] Melton in his Original Petition pled that "Defendant failed and refused to refund such amounts … within a reasonable time, 60 days, after being notified of such failure in accordance with Tex. Const. art. XVI, §50." *CR at 8, ¶12.* By using the past tense in this allegation, Melton shows that he strategically intended to wait for sixty days before serving the suit in the hope that no response to his Notice of Defect letter would be provided.

serve Defendant with the Petition until May 13, 2013, two months after Melton filed his petition. *CR at 13.* Melton's inactivity on attempting service amounts to lack of diligence as a matter of law. Thus, the four-year statute of limitations period did not toll from the period Melton filed his Petition to the date Defendant was served. Melton's claims are barred by the statute of limitations and Defendant is entitled to summary judgment. Alternatively, at least his claims under the DTPA, which is governed by a two-year limitations period, are barred.

## II. Four-year limitations period applies to Melton's claims.

As the Fifth Circuit noted in *Priester*, origination defects in a home-equity loan can, by express provision in the Texas Constitution, be cured and, therefore, they are not void *ab initio*. *Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667, 674 (5th Cir. 2013) (*citing* TEX. CONST. art. XVI, §50(a)(6)(Q)(x)). Because those defects can be cured, claims seeking to declare a home-equity lien must therefore be subject to a limitations period by which they need to be brought. *Id.* As there is no express limitations period provided by Texas law for these claims, then the residual limitation period of Section 16.051 of the Texas Civil Practice and Remedies Code applies to these claims. *Id.*

All of the Texas intermediate appellate courts that have considered the issue have all reached the same conclusion, namely, that because the alleged defects can be cured, the subject liens are merely voidable and the residual limitations period

applies to those claim. *Kyle v. Strasburger*, No. 13-13-00609-CV, 2015 WL 7567523, \*3-5, 2015 Tex. App. LEXIS 11984, \*10-12 (Tex. App.—Corpus Christi Nov. 25, 2015, no pet. h.); *In re Estate of Hardesty*, 449 S.W.3d 895, 909-12 (Tex. App.—Texarkana 2014, no pet.); *Wood v. HSBC Bank USA, N.A.*, 439 S.W.3d 585, 590-92 (Tex. App.—Houston [14th Dist.] 2014, pet. pending); *Santiago v. Novastar Mortg., Inc.*, 443 S.W.3d 462, 469-70 (Tex. App.—Dallas 2014, pet. denied); *Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 396-97 (Tex. App.—Dallas 2013, pet. denied).

As Texas law is clear that a four-year limitations period applies to Melton's claims, his second appellate issue should be overruled.

## III.  Colonial has standing as both Mortgage Servicer and Mortgagee of Record.

Melton raises for the first time on appeal a question as to whether Colonial has standing to prosecute its counterclaim for a judgment of foreclosure.  There is no question Colonial has standing.

As Melton, himself, acknowledges in his Brief, a mortgage servicer has standing to prosecute a foreclosure action for the mortgage noteholder.  *See Appellant's Brief, p.23; see* TEX. PROP. CODE ANN. § 51.0025; *see also Washmon v. Strickland*, No. 03-08-00372-CV, 2010 Tex. App. LEXIS 1366, \*6 (Tex. App.— Austin Feb. 26, 2010, no pet.).  Melton contends that the summary-judgment

record lacks evidence that Colonial was the last person to demand payments on the loan, as provided in Section 51.0025.

This Court considered this very same issue in *Washmon*. *Id.,* 2010 Tex. App. LEXIS 1366, *6. In that case, summary judgment was granted in favor of the lender. On appeal, the borrower argued that the lender had not proven that it was a mortgage servicer, as defined in Section 51.0025, because it did not provide summary-judgment evidence that it was the last person to demand payments. *Id.* This Court affirmed, however, finding that the Notice of Default with Intent to Accelerate in the summary-judgment record, which had been sent by the servicer in that case, constituted conclusive proof that the appellee had proven it was the mortgage servicer and thus had standing to pursue foreclosure. *Id.*

Here, the summary-judgment record contains the same Notice of Default with Intent to Accelerate submitted by Colonial. *CR at 96.* Furthermore, the summary-judgment record contains the payment history of the Loan Agreement from Colonial, showing that it had received all payments on the loan from its inception through the summary-judgment proceedings. *CR at 151-155.* These facts support the uncontroverted affidavit testimony of Amily Sauceda, Assistant Vice President of Colonial, that Colonial is the mortgage servicer for the subject loan. *CR at 64-65, ¶2.* Melton presented no summary-judgment evidence to controvert this proof. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880,

882 (Tex. 1990) (holding that clear and uncontroverted affidavit testimony from interested witnesses present conclusive evidence). Therefore, Melton's standing challenge must fail.

A second basis for finding that Colonial has standing is that Colonial is the last assignee of record according to the documents of record on file with the Tom Green County Clerk. As provided in the Texas Property Code, a "mortgagee" can be, among other things, "the last person to whom the security interest has been assigned of record." TEX. PROP. CODE ANN. § 51.0001(4)(C). The summary-judgment record contains the last Assignment of Deed of Trust with respect to the subject home-equity loan that was recorded with the Tom Green County Clerk. *CR at 94.* This Assignment of Deed of Trust shows Colonial as the last beneficiary of the Security Instrument. Under Texas law, the noteholder need not be the same "mortgagee" as provided in Section 51.0001(4)(C). *See Tapia v. CitiMortgage, Inc.,* No. A-14-CA-135-SS, 2014 U.S. Dist. LEXIS 47624 *5-6 (W.D. Tex. Apr. 7, 2014). As Colonial is the last beneficiary of the Security Instrument of record[3], it is a "mortgagee" under Section 51.0001(4)(C) and thus has standing to pursue foreclosure. *Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 342 (5th Cir. 2013) (holding that "mortgagee" under Section 51.0001(4)(C) has standing to foreclose).

---

[3] Melton acknowledges in his Appellant's Brief that Colonial is the "mortgagee" as provided in TEX. PROP. CODE ANN. § 51.0001(4)(C). *See Appellant's Brief, p.23.*

16

**IV. Trial Court properly awarded attorney's fees.**

As Melton's appellate issues are all without merit, the Trial Court's award of attorney's fees should be affirmed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellees pray that the Trial Court's Judgment be in all things affirmed and that they be awarded all other relief to which they may be entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
(214) 635-2650
(214) 635-2686 (Fax)

*Attorneys for Appellees CU Members Mortgage, a Division of Colonial Savings, F.A. and First Western Title Co.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2015, a true and correct copy of the foregoing was served via the State's electronic filing service to the counsel of record listed below:

James C. Mosser
Nicholas D. Mosser
Paul J. Downey
Mosser Law PLLC
2805 Dallas Parkway, Suite 222
Plano, Texas 75093
courtdocuments@mosserlaw.com
COUNSEL FOR APPELLANTS JAMES C. MOSSER AND
MOSSER LAW PLLC

Larry W. Bale
Hay, Wittenburg, Davis, Caldwell & Bale, LLP
P O Box 271
San Angelo, Texas 76902-0271
lwb@hwdcb.com
COUNSEL FOR APPELLEE BOB MIMS

Gregory Sherwood
P.O. Box 200613
Austin, Texas 78720-0613
gsherwood@mail.com
COUNSEL FOR APPELLANT BEN MELTON

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4(i)(2)

This brief complies with the word-number limitation of TEX. R. APP. P. 9.4(i)(2) because this brief contains 4,158 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(2).

/s/ Mark D. Cronenwett
**MARK D. CRONENWETT**